UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH EUGENE EVANS,

    Plaintiff,

-vs-

Case No. 08-13649
HON. AVERN COHN

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

                                                  /

**MEMORANDUM AND ORDER ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

## I. Introduction

This is a Social Security case. Plaintiff Kenneth Eugene Evans (Evans) appeals from the final decision of the Commissioner of Social Security (Commissioner) denying his application for Social Security disability benefits. Evans claims that he has been disabled since July 1, 1999 due to Chronic Obstructive Pulmonary Disease (COPD), depression, hepatitis C, and arthritis.

The parties filed cross motions for summary judgment. Evans is proceeding pro se. The motions were referred to a Magistrate Judge (MJ) for a report and recommendation (MJRR). The MJ recommends that Evans' motion for summary judgment be denied and that the Commissioner's motion for summary judgment be granted. Evans filed timely objections to the MJRR.

1

Ordinarily the Court would schedule this matter for hearing. Upon review of the parties' papers, however, the Court finds that oral argument is not necessary. See E.D. Mich. LR 7.1(e)(2). For the reasons that follow, the Court will adopt the MJRR. For the reasons that follow, the Court adopts the MJRR. The Commissioner's motion will be granted. Evans' motion will be denied. The case will be dismissed.

## II. Background

### A.

The MJRR accurately sets forth the facts, which are not repeated here. Evans filed a disability claim on January 27, 2004, alleging a July 1, 1999 onset of disability. Evans says that he is disabled because of COPD, depression, hepatitis C, and arthritis. Evans also complains of anxiety, heel spurs, and a possible head injury suffered during high school.

Evans' claims were initially denied on October 25, 2004. Evans appealed the decision and, on January 9, 2007, appeared before an Administrative Law Judge (ALJ). The ALJ issued a decision denying benefits on January 26, 2007. Review was denied by the Appeals Council on June 23 2008.

### B.

Evans then brought action for judicial review, arguing that (1) the Commissioner erroneously sought summary judgment, (2) he will be deprived of his substantive rights unless discovery is permitted, (3) he is entitled to discovery under the Freedom of Information Act, (4) the Appeals Council failed in its evaluation process by not evaluating his total medical or mental capacity, (5) an MRI of his head injuries is essential to resolving his claim, and (6) his medical conditions are accumulative with

age and his residual functional capacity "lacks immediate use of non-skilled continued employment necessary to improve personal living conditions."

The MJ found that Evans' assertions were without merit on their face and were not appropriate requests in the context of a Social Security disability appeal. Nevertheless, the MJ went on to review the ALJ's decision and found that it was supported by substantial evidence.

### III. Standard of Review

Judicial review of a Social Security disability benefits application is limited to determining whether "the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." Walters v. Commissioner of Social Security, 127 F.3d 525, 528 (6th Cir. 1997). A reviewing court may not resolve conflicts in the evidence or decide questions of credibility. Brainard v. Secretary of Health and Human Services, 889 F.2d 679, 681 (6th Cir. 1989). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). It is more than a scintilla, but less than a preponderance. Consol. Edison Co. V. NLRB, 305 U.S. 197, 299 (1938). The substantiality of the evidence must be based upon the record taken as a whole. Futernick v. Richardson, 484 F.2d 647, 649 (6th Cir. 1973). "[T]he decision of an ALJ is not subject to reversal, even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997). The substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without

interference from the courts." Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986). The portions of the MJRR that the claimant finds objectionable are reviewed de novo. See 28 U.S.C. § 636(b)(1)(C); Smith v. Detroit Federation of Teachers, Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).

### IV.  Discussion

As far as the Court can glean from Evans' papers, he raises two objections to the MJRR.  First, he asserts that his disability claim cannot be resolved unless the Court orders an MRI of his head.  Second, he asserts that the ALJ erred in evaluating his mental condition because she relied on outdated evidence.  These arguments are without merit.

### A.  Additional MRI Evidence

Evans says that the consultative examinations relied upon by the ALJ in assessing his mental health were inadequate.  He asserts that an MRI is necessary to assess his mental impairments and establish his degree of functional loss.  As noted above, judicial review of a Social Security disability benefits application is limited to determining whether "the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." Walters, 127 F.3d at 528.  Review is limited to the administrative record and a court cannot permit discovery or order and consider additional medical tests.  Therefore, the Court cannot order an MRI or consider new MRI results in assessing Evans' claim.

### B.  Reliance in Dated Evidence

Evans asserts that the Commissioner relied on outdated evidence in denying his claims.  He says that evidence regarding residual functional capacity was two years old

4

and evidence regarding his mental capacity was four years old. As noted above, Evans filed his claim on January 27, 2004 and alleged that his disability began on July 1, 1999. In denying his benefits, the ALJ considered mental health evaluations from June 10, 2004 and August 24, 2006 as well as a physical evaluation and chest x-ray from July 3, 2004.

Although the evidence relied upon by the ALJ was several years old at the time of Evans' hearing, it was obtained after he filed his claim. It is relevant to a determination of his disability as of January 27, 2004. Therefore, the ALJ acted appropriately in relying on this information. Moreover, Evans has not identified any more recent evidence which contradicts the evidence relied upon by the ALJ. Finally, Evans testified at his hearing that his conditions had not changed since January 2004. Because the medical evidence was obtained after Evans' application for benefits, was not contradicted by more recent evidence, and was supported by Evans' statement that his conditions had not changed, the ALJ acted appropriately in relying on it.

### C. ALJ's Evidence Supported by Substantial Evidence

Finally, the Court agrees that the ALJ's decision was supported by substantial evidence. While Evans' medical records establish that he suffers from COPD, depression, hepatitis C, and arthritis, there is no indication of a significant limitation in his ability to engage in gainful activity. Evans showed symptoms from COPD, but was able to treat them with medications. There was no evidence of limitations related to his hepatitis C. Despite Evans' arthritis, medical examinations suggested normal hand dexterity and normal range of motion. In addition, Evans claimed that his physical health was pretty good, that he could sit and stand for prolonged periods of time, and

could lift up to 50-75 pounds. Evans' mental health examinations suggested that he was behaviorally stable when medicated.

The ALJ took these medical conditions into account when assessing the number of available jobs. The hypothetical directed to the vocational expert was limited to clean environments due to Evans' COPD and to tasks with one to three steps due to his depression. In reaching her decision, the ALJ considered the medical evidence as well as Evans' own testimony and reached a decision that was supported by substantial evidence.

## V. Conclusion

For the reasons above, the Court ADOPTS the MJRR. Evans' motion for summary judgment is DENIED. The Commissioner's motion for summary judgment is GRANTED. This case is DISMISSED.

SO ORDERED.

       s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: March 29, 2010

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, March 29, 2010, by electronic and/or ordinary mail.

       s/Julie Owens
Case Manager, (313) 234-5160