UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH EUGENE EVANS,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant,
_____/

Case No. 08-13649

HON: AVERN COHN

## **MEMORANDUM AND ORDER**

**I.**

This is a Social Security case. Plaintiff Kenneth Eugene Evans (Evans) appeals from the final decision of the Commissioner of Social Security (Commissioner) denying his application for Social Security disability benefits. Evans claims that he has been disabled since July 1, 1999 due to Chronic Obstructive Pulmonary Disease (COPD), depression, hepatitis C, and arthritis. On March 29, 2010 the Court granted the Commissioner's motion for summary judgment and denied Evans' motion for summary judgment (Doc. 29). On June 11, 2010 Evans filed a Petition for Judicial Review of the Decision of the Commissioner of Social Security which he also entitled as a Compliant (Doc. 34). Because the petition challenges the Court's March 29, 2010 order on the basis of newly discovered evidence, it will be considered a motion for reconsideration. For the reasons that follow, the motion is DENIED.

**II.**

E.D. Mich. L.R. 7.1(g)(3) regarding motions for reconsideration states:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues rule upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been mislead but also show that correcting the defect will result in a different disposition of the case.

Thus in order to prevail on a motion for reconsideration, a movant must (1) raise a new issue (2) that represents a palpable defect in the initial decision and (3) will result in a different disposition in the case.

**III.**

The substance of Evans' motion for reconsideration is that the Court failed to consider the results of a medical exam which was initially scheduled for March 4, 2010 and was conducted on March 22, 2010. Evans states that the "Court had no opportunity to review the medical exam and make a prudent decision."

Even if the Court were to find that Evans' medical test raised a new issue that was not previously before the Court, it cannot represent a palpable defect in the Court's initial decision and cannot alter the disposition of Evans' case. As described more fully the March 29, 2010 Order, judicial review of a Social Security disability benefits application is limited to determining whether "the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." Walters v. Commissioner of Social Security, 127 F.3d 525, 528 (6th Cir. 1997). The Commissioner's decision became final on June 23, 2008, nearly two years before Evans' March 22 medical exam. Thus even if the results of the medical exam were relevant to Evans' medical condition, the Court could not consider them when reviewing the Commissioner's decision. Even if the Court had been in possession of the March 20, 2010

medical exam when it issued the March 29, 2010 Order, it would not have altered the outcome because the Court was prohibited by law from considering them.

SO ORDERED

  S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: July 12, 2010

I hereby certify that a copy of the foregoing document was mailed Kenneth Eugene Evans, 5016 Greenway, Detroit, MI 48204 and to the attorneys of record on this date, July 12, 2010, by electronic and/or ordinary mail.

  S/Julie Owens
Case Manager, (313) 234-5160